**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE, )
)
)
)
v. ) ID No. 1307020179
)
) Cr.A. Nos. IN13-08-0713, 0714,
SHANNON MATHIS, ) 0716, 0717,
) 2012.
Defendant. )

Submitted: January 30, 2018
Decided: April 20, 2018

## ORDER DENYING POSTCONVICTION RELIEF AND GRANTING COUNSEL'S MOTION TO WITHDRAW

This 20th day of April, 2018, upon consideration of Defendant Shannon Mathis's ("Mathis") Motion for Postconviction Relief (D.I. 56), the State's response thereto (D.I. 72), his postconviction attorney's Motion to Withdraw (D.I. 68), Mathis's response thereto (D.I. 70), and the record in this case, it appears to the Court that:

(1)    On July 25, 2013, during the course of their patrol in an unmarked police vehicle, Sgt. Thomas Looney and Probation Officers Collins and Sweeney observed Mathis on the sidewalk with an open container of beer.[1] Sgt. Looney made a U-turn, and the officers observed Mathis begin to run.[2] The vehicle pulled up

---

[1]    *Mathis v. State*, 2015 WL 6445383, at *1 (Del. 2015).

[2]    *Id.*

-1-

alongside Mathis, and the officers identified themselves as police and asked Mathis to stop and get on the ground.[3] Mathis stopped running, threw the can of beer away from himself, and began to run up a driveway before stopping again.[4] The officers followed and pulled into the driveway, exiting the vehicle to see Mathis reach for a handgun in his waistband.[5] Mathis attempted to run back down the driveway to the street, but Officer Collins tackled him, knocking the handgun to the ground.[6]

(2)    Mathis was indicted for the following counts: one count of Possession of a Firearm by a Person Prohibited; one count of Possession of a Weapon with a Removed, Obliterated, or Altered Serial Number; one count of Possession of Ammunition by a Person Prohibited; one count of Carrying a Concealed Deadly Weapon; and one count of Resisting Arrest.[7]

---

[3]    *Mathis*, 2015 WL 6445383, at *1.

[4]    *Id.*

[5]    *Id.*

[6]    *Id.*

[7]    Indictment, *State v. Shannon Mathis*, ID No. 1307020179 (Del. Super. Ct. Sept. 3, 2013) (D.I. 2). *See* DEL. CODE ANN. tit. 11, § 1448 (possession of a firearm by a person prohibited, possession of ammunition by a person prohibited); *id.* at § 1459 (possession of a weapon with a removed, obliterated, or altered serial number); *id.* at § 1442 (carrying a concealed deadly weapon); *id.* at § 1257 (resisting arrest).

(3)     Mathis filed a pre-trial Motion to Suppress seeking exclusion of the seized firearm.[8]  A suppression hearing was held the week before trial, and the motion was denied via bench ruling.[9]

(4)     After a two-day trial, the jury convicted Mathis of all charges,[10] and Mathis was sentenced several months later.[11] His convictions and sentence were affirmed on direct appeal.[12]

(5)     Before the Court now is Mathis's first and timely *pro se* Motion for Postconviction Relief.[13] In his motion and in response to appointed counsel's motion to withdraw, Mathis alleges one ground for relief: ineffective assistance of trial counsel for failing to object at the suppression hearing to the State's admission of a statement Mathis made to hospital personnel after his arrest.[14]

---

[8]     Mot. to Suppress, *State v. Shannon Mathis*, ID No. 1307020179 (Del. Super. Ct. June 27, 2014) (D.I. 21).

[9]     *See* Tr. of Suppression Hr'g., *State v. Shannon Mathis*, ID No. 1307020179 (Del. Super. Ct. Sept. 5, 2014) (D.I. 47).

[10]     *See* Tr. of Trial, *State v. Shannon Mathis*, ID No. 1307020179 (Del. Super. Ct. Sept. 12, 2014) (D.I. 49).

[11]     Sentence Order, *State v. Shannon Mathis*, ID No. 1307020179 (Del. Super. Ct. Jan. 9, 2015) (D.I. 42); Amended Sentence Order, *State v. Shannon Mathis*, ID No. 1307020179 (Del. Super. Ct. Feb. 19, 2015) (D.I. 45).

[12]     *Mathis*, 2015 WL 6445383, at *3.

[13]     *See* Def.'s Mot. for Postconviction Relief, *State v. Shannon Mathis*, ID No. 1307020179 (Del. Super. Ct. Sept. 27, 2016) (D.I. 56) (hereinafter "Def.'s Mot."); SUPER. CT. CRIM. R. 61.

[14]     Def.'s Mot. at ¶ 11.

(6)     In accord with this Court's Criminal Rule 61(e)(1), Mathis was appointed postconviction counsel ("PCR Counsel").[15] PCR Counsel has now filed a brief and Motion to Withdraw pursuant to Rule 61(e)(7).[16] PCR Counsel asserts that, based upon a careful and complete examination of the record, there are no meritorious grounds for relief.[17] Under this Court's Criminal Rule 61(e)(7):

> If counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, counsel may move to withdraw. The motion shall explain the factual and legal basis for counsel's opinion and shall give notice that the movant may file a response to the motion within 30 days of service of the motion upon the movant.[18]

(7)     Mathis's PCR Counsel has represented that, after careful review of Mathis's case, she has determined that Mathis's claim is so lacking in merit that she cannot ethically advocate it; and further, that PCR Counsel is not aware of any other substantial ground for relief.[19] PCR Counsel provided Mathis with a copy of the

---

[15]     Order Appt. Counsel, *State v. Shannon Mathis*, ID No. 1307020179 (Del. Super. Ct. Oct. 5, 2016) (D.I. 59).

[16]     *See* Mot. to Withdraw as Counsel, *State v. Shannon Mathis*, ID No. 1307020179 (Del. Super. Ct. June 15, 2017) (D.I. 68) (hereinafter "Mot. to Withdraw").

[17]     *Id.* at 1.

[18]     SUPER. CT. CRIM. R. 61(e)(7).

[19]     Mot. to Withdraw at 13, 16.

Motion and advised Mathis of his ability under Rule 61(e)(7) to file a response within 30 days. Mathis filed a timely response.[20]

(8) "In order to evaluate [Mathis's Motion for Postconviction Relief], and to determine whether [PCR Counsel's Motion to Withdraw] should be granted, the court should be satisfied that [PCR Counsel] made a conscientious examination of the record and the law for claims that could arguably support [Mathis's] Rule 61 motion. In addition, the court should conduct its own review of the record in order to determine whether [Mathis's] Rule 61 motion is devoid of any, at least, arguable postconviction claims."[21]

(9) Rule 61 sets forth procedural bars to postconviction claims, including that "[a]ny ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows . . . [c]ause for relief from the procedural default and . . . [p]rejudice from violation of the movant's rights."[22] Rule 61(i)(3)'s bar is inapplicable to "claims [of] ineffective assistance of counsel, which could not have

---

[20] Def.'s Resp. to Counsel's Mot. to Withdraw, *State v. Shannon Mathis*, ID No. 1307020179 (Del. Super. Ct. July 14, 2017) (D.I. 70).

[21] *State v. Coston*, 2017 WL 6054944, at *2 (Del. Super. Ct. Dec. 7, 2017) (internal citations and quotations omitted).

[22] SUPER. CT. CRIM. R. 61(i)(3).

been raised in any direct appeal."[23] Accordingly, Mathis's claim of ineffective assistance of counsel is not procedurally barred here. And the Court may consider the claim on its merits.

(10) An inmate who claims ineffective assistance of counsel must demonstrate that: (a) his defense counsel's representation fell below an objective standard of reasonableness, and (b) there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different.[24] Failure to make one or the other showing "will render the claim unsuccessful."[25] A reasonable probability exists when there "is a probability sufficient to undermine confidence in the outcome."[26] There is always a strong presumption that counsel's representation was reasonable.[27]

(11) Mathis's claim asserts ineffective assistance of counsel for failing to object, during the suppression hearing, to the admission of a statement made to medical personnel.[28] In his Motion to Suppress, Mathis argued that he was not

---

[23] *State v. Coverdale*, 2018 WL 259775, at *2 (Del. Super. Ct. Jan. 2, 2018) (internal quotations and citations omitted).

[24] *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also Alston v. State*, 2015 WL 5297709, at *3 (Del. Sept. 4, 2015).

[25] *State v. Hamby*, 2005 WL 914462, at *2 (Del. Super. Ct. Mar. 14, 2005).

[26] *Strickland*, 455 U.S. at 694.

[27] *See Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

[28] Def.'s Mot. at ¶¶ 11–14.

knowingly fleeing from the police the night of his arrest, but running from an unmarked vehicle, at night, in a high crime area.[29] His alternative argument was that even if he had been aware that he was fleeing from a police vehicle, the officers had no reasonable articulable suspicion to conduct a stop.[30] At the hearing, the State introduced certified medical records containing a statement by Mathis, made to a nurse after his arrest, that he had fled from the police.[31] Mathis testified at the suppression hearing that the statement to the nurse referred to his cousin rather than himself.[32] Mathis now argues that had the statement from the medical records been suppressed, the outcome of the suppression hearing would have been different.[33]

(12) But Mathis's claim fails, because he cannot show prejudice under *Strickland*'s second prong. The medical records were merely one part of the State's case. Mathis fails to show that exclusion of the statement would have impacted the outcome of the suppression hearing in light of the overwhelming evidence favoring a finding that the police had reasonable articulable suspicion to detain him.

---

[29]     Mot. to Withdraw App. at A020–22.

[30]     *Id.* at A022–25.

[31]     Tr. of Suppression Hr'g. at 108:4–109:5.

[32]     *Id.* at 110:16–21.

[33]     Def.'s Mot. at ¶ 14.

(13) The Fourth Amendment to the United States Constitution and Article I § 6 of the Delaware Constitution guarantee an individual's right to be free from unreasonable searches and seizures.[34] The United States Supreme Court permits limited intrusions under the Fourth Amendment where an officer "has reasonable articulable suspicion to believe the individual to be detained is committing, has committed, or is about to commit a crime."[35] "In determining whether reasonable suspicion exists, [a Court] must examine the totality of the circumstances surrounding the situation 'as viewed through the eyes of a reasonable, trained police officer in the same or similar circumstances, combining objective facts with such an officer's subjective interpretation of those facts.'"[36] And "the possibility that there may be a hypothetically innocent explanation for each of several facts revealed during a citizen-police encounter . . . does not preclude a determination that reasonable and articulable suspicion existed justifying a temporary and limited seizure of the citizen."[37]

---

[34]     *See* U.S. CONST. amend. IV.; DEL. CONST. art I, § 6.

[35]     *Woody v. State*, 765 A.2d 1257, 1262 (Del. 2001) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)).

[36]     *Id.* at 1263 (quoting *Jones v. State*, 745 A.2d 856, 861 (Del. 1999)).

[37]     *State v. Arterbridge*, 1995 WL 790965, at *5 n.11 (Del. Super. Ct. Dec. 7, 1995).

(14) At the suppression hearing, the arresting officers testified that Mathis "knew [them] and [their] car,"[38] and, further, that the occupants of the unmarked patrol car were readily identifiable as police officers.[39] This Court found the officers' suppression hearing testimony credible, and held that the police had reasonable articulable suspicion of criminal activity at the time of the investigatory stop.[40] The Supreme Court upheld this finding, ruling that "[t]he Superior Court's factual finding that Mathis was aware of the police presence when he began fleeing is supported by sufficient evidence and is not clearly erroneous."[41] In short, upon a review of the entire suppression record, the finding of reasonable articulable suspicion existed even without the statement from the medical record.

(15) In *Woody v. State*, the Delaware Supreme Court found that the totality of the circumstances gave rise to the police officers' reasonable articulable suspicion of criminal activity justifying detention where: (1) the defendant was found in a high-crime area; (2) the defendant fled at the sight of law enforcement approaching; and (3) the officer testified that there was a "large bulge" in the defendant's jacket.[42]

---

[38] Tr. of Suppression Hr'g. at 27:9–28:13.

[39] *Id.* at 49:5–17.

[40] *Id.* at 137:1–14 (stating that the Court "find[s] the officers credible . . . [and that they had] reasonable articulable suspicion to detain Mr. Mathis[.]").

[41] *Mathis*, 2015 WL 6445383, at *3.

[42] *Woody*, 765 A.2d at 1263.

Here, the Court found the following factors weighed in favor of finding reasonable articulable suspicion at the suppression hearing: (1) Mathis was drinking a beer on the street in violation of city ordinance;[43] and (2) Mathis fled from the officers when they pulled their vehicle up alongside him.[44] And the gun was observed before the police took Mathis into physical custody.[45] Viewing the totality of the circumstances in light of the officers' experience and training, the Court found that the officers had a reasonable articulable suspicion to detain Mathis. There is no reasonable probability that the Court's suppression decision would have differed had the statement from the medical record been excluded.

(16) The fact that Mathis suggested an innocent explanation for his flight in his briefing for the suppression hearing did not preclude the Court from making the determination that the police officers were credible and had a reasonable articulable suspicion for detaining him. Given the credible testimony of the officers, there is no reasonable probability that but for trial counsel's failure to object to the introduction of the medical record, the outcome of the suppression hearing and subsequent trial would have been different.[46] Because Mathis fails to carry his burden to show

---

[43]     Tr. of Suppression Hr'g. at 135:21–136:2.

[44]     *Id.* at 136:3–11.

[45]     *Id.* at 137:12–13.

[46]     *State v. McGlotten*, 2011 WL 987534, at *4 (Del. Super. Ct. Mar. 21, 2011), *aff'd*, 2011 WL 3074790 (Del. July 25, 2011) ("To restate the requirements of *Strickland*, a defendant must

-10-

prejudice under *Strickland*, the Court need not reach the issue of whether trial counsel's failure to object to the introduction of the medical records was deficient.[47]

(17) Finally, Mathis requests an evidentiary hearing.[48] Under Rule 61, "[t]he Superior Court has discretion to determine whether to hold an evidentiary hearing."[49] And where it is apparent on the face of a postconviction motion, the responses thereto, the record of prior proceedings, and any added materials that the petitioner is not entitled to relief, there is no need for an evidentiary hearing.[50] After consideration of the complete evidentiary record and the single legal issue raised, Mathis's request for an evidentiary hearing is **DENIED**.

(18) Having reviewed the record carefully, the Court has concluded that Mathis's claim is without merit, and no other substantial ground for relief exists. Accordingly, Mathis's Motion for Postconviction Relief is **DENIED** and PCR Counsel's Motion to Withdraw is **GRANTED**.

---

establish two things, not just one: that trial counsel's performance was deficient and that but for that deficiency, the outcome of the proceedings would have been different. If a defendant cannot establish both prongs, then the ineffective assistance of counsel claim fails.").

[47] *See Taylor v. State*, 32 A.3d 374, 386 (Del. 2011) (finding that where the defendant could not show resulting prejudice, his *Strickland* claims must fail).

[48] *See* DEL. SUPER. CT. CRIM. R. 61(h)(1) (providing the Court, after reviewing the record developed in the postconviction proceedings, "shall determine whether an evidentiary hearing is desirable.").

[49] *Johnson v. State*, 2015 WL 8528889, at *4 (Del. Dec. 10, 2015).

[50] *Id.* at *4 (quoting *Hawkins v. State*, 2003 WL 22957025, at *1 (Del. Dec. 10, 2003)).

-11-

**SO ORDERED** this 20th day of April, 2018.

_____

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:  Daniel B. McBride, Deputy Attorney General
     John S. Malik, Esquire
     Natalie S. Woloshin, Esquire
     Mr. Shannon Mathis, *pro se*